UNITED STATES BANKRUPTCY COURT
EASThe ERN DISTRICT OF WISCONSIN

_____

In re

ROBERT J. ECKER and
SANDRA J. ECKER,

              Debtors.

_____

FISCHER CONSTRUCTION, LLC, and
TEAM FISCHER, INC.,

              Plaintiffs,

v.

ROBERT J. ECKER,

              Defendant.

_____

Case No. 07-29439

Chapter 7

Adversary No. 08-2059

MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

       The plaintiffs, Fischer Construction, LLC, and Team Fischer, Inc., brought this adversary proceeding objecting to the dischargeability of certain obligations incurred by R.J. Ecker Excavating, Inc., of which the defendant, Robert J. Ecker, was shareholder, director and president. After the defendant filed his answer, the plaintiffs moved for summary judgment asserting they were entitled to a nondischargeable judgment pursuant to 11 U.S.C. § 523(a)(4).

       This Court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This decision constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

BACKGROUND

       At all times relevant to this proceeding, the chapter 7 debtor, Robert Ecker, was shareholder, director and president of R.J. Ecker Excavating, Inc., a construction company. The plaintiff, Fischer Construction, LLC, was engaged in the excavating and construction business.

The other plaintiff, Team Fischer, Inc., was engaged in the trucking and ground moving business. On various dates in 2005, 2006 and 2007, at the request of the debtor and his company, the plaintiffs supplied, delivered and furnished labor and/or materials to R.J. Ecker Excavating, Inc., on certain construction projects of the latter.

As of April 23, 2007, Fischer Construction had not received payment from R.J. Ecker Excavating for excavation, sewer and pipe-laying services totaling $38,593.45. As of the same date, Team Fischer was due a total of $7,309.94 from R.J. Ecker Excavating for services which included the delivery of dirt and equipment, as well as earth moving and grading.

R.J. Ecker Excavating received payment from all project owners or other contractors for the construction projects for which Fischer Construction and Team Fischer supplied labor and materials, except for one. The developer did not pay R.J. Ecker Excavating all the money owed on a project for which Team Fischer supplied labor and materials in an unpaid amount of $1,100.

## ARGUMENT

The plaintiffs claim the funds received by R.J. Ecker Excavating constitute trust funds in the hands of R.J. Ecker Excavating, for which Mr. Ecker was responsible for maintaining for their benefit pursuant to section 770.02(5), Wis. Stats. The resulting obligations are therefore nondischargeable under 11 U.S.C. § 523(a)(4).

The defendant concedes that, while he had valid reasons for not paying, the $38,593.45 owed Fischer Construction, LLC, as a statutory trust fund obligation, is nondischargeable under 11 U.S.C. § 523(a)(4). However, the debtor disputes that the claim of Team Fischer, Inc., is nondischargeable. The services provided by the plaintiffs took place in 2005, 2006 and 2007, and the applicable Wisconsin Statute was amended during that period. For improvements that

visibly commenced prior to April 11, 2006, the statute provided that moneys paid to a contractor constituted a trust fund to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for "*labor and materials used for the improvements.*" *See* Wis. Stat. § 779.02(5) (2003-04). For improvements that visibly commenced on or after April 11, 2006, the statute provided that moneys paid to a contractor constituted a trust fund to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for "*labor, services, materials, plans, and specifications used for the improvements.*" *See* Wis. Stat. § 779.02(5) (2007-08). Accordingly, the debtor argues, since Team Fischer only provided trucking services, its claim would only be nondischargeable if it was incurred on projects that visibly commenced on or after April 11, 2006. Because the facts do not clearly show when the subject projects were visibly commenced, the Court cannot find, as a matter of law, that the claim of Team Fischer is nondischargeable.

DISCUSSION

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under section 523(a)(4) of the Bankruptcy Code, "[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt – for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The elements required to establish a nondischargeable debt under this section are: 1) the existence of a trust; 2) the debtor is a fiduciary of that trust; and 3) fraud or defalcation by the debtor while acting as a fiduciary of the trust. *In re Bowles*, 318 B.R. 129, 137-38 (Bankr. E.D. Wis. 2004) (citing *In re*

3

*Koch*, 197 B.R. 654, 656 (Bankr. W.D. Wis. 1996); *In re Eisenberg*, 189 B.R. 725, 730 (Bankr. E.D. Wis. 1995)). Although the definition of "fiduciary" in this context is a narrowly defined question of federal law, bankruptcy courts look to state law to determine whether the requisite trust relationship exists. *Bowles*, 318 B.R. at 138. A state statute can create the express trust which will be sufficient under section 523(a)(4), but the statute must define the trust res, spell out the trustee's fiduciary duties and, most importantly, impose the trust prior to and without reference to the wrong which created the debt. *Id.* (citing *Matter of Marchiando*, 13 F.3d 1111, 1115 (7th Cir. 1994)

The "theft by contractor" provisions of sections 779.02(5) and 779.16, Wis. Stats., create a trust fund for sums paid by an owner to a general contractor for the benefit of subcontractors and material suppliers. *Kraemer Bros., Inc. v. Pulaski State Bank*, 138 Wis. 2d 395, 399-400, 406 N.W.2d 379, 381 (1987). Wisconsin's theft by contractor statute establishes the type of express statutory trust contemplated by section 523(a)(4) of the Bankruptcy Code. *See Matter of Thomas*, 729 F.2d 502 (7th Cir. 1984) (applying Wis. Stat. § 779.16, theft by contractor statute, public improvements). Because the services and/or materials at issue here were provided between 2005 and 2007, two versions of the statute are applicable.

Section 779.02(5), Wis. Stats., previously provided:

> Theft by contractors. The proceeds of any mortgage on land paid to any prime contractor or any subcontractor for improvements upon the mortgaged premises, and all moneys paid to any prime contractor or subcontractor by any owner for improvements, constitute a trust fund only in the hands of the prime contractor or subcontractor to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for *labor and materials used for the improvements*, until all the claims have been paid, and shall not be a trust fund in the hands of any other person. The use of any such moneys by any prime contractor or subcontractor for any other purpose until all claims, except those which are the subject of a bona fide dispute and then only to the extent of the amount

4

> actually in dispute, have been paid in full or proportionally in cases of a deficiency, is theft by the prime contractor or subcontractor of moneys so misappropriated and is punishable under s. 943.20. If the prime contractor or subcontractor is a corporation, such misappropriation also shall be deemed theft by any officers, directors or agents of the corporation responsible for the misappropriation. Any of such misappropriated moneys which have been received as salary, dividend, loan repayment, capital distribution or otherwise by any shareholder of the corporation not responsible for the misappropriation shall be a civil liability of the shareholder and may be recovered and restored to the trust fund specified in this subsection by action brought by any interested party for that purpose. Except as provided in this subsection, this section does not create a civil cause of action against any other person. Until all claims are paid in full, have matured by notice and filing or have expired, such proceeds and moneys shall not be subject to garnishment, execution, levy or attachment.

Wis. Stat. § 779.02(5) (2003-04) (emphasis added). This section was subsequently modified by 2005 Wisconsin Act 2004, effective April 11, 2006, and now provides:

> Theft by contractors. The proceeds of any mortgage on land paid to any prime contractor or any subcontractor for improvements upon the mortgaged premises, and all moneys paid to any prime contractor or subcontractor by any owner for improvements, constitute a trust fund only in the hands of the prime contractor or subcontractor to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for *labor, services, materials, plans, and specifications used for the improvements*, until all the claims have been paid, and shall not be a trust fund in the hands of any other person. The use of any such moneys by any prime contractor or subcontractor for any other purpose until all claims, except those which are the subject of a bona fide dispute and then only to the extent of the amount actually in dispute, have been paid in full or proportionally in cases of a deficiency, is theft by the prime contractor or subcontractor of moneys so misappropriated and is punishable under s. 943.20. If the prime contractor or subcontractor is a corporation, *limited liability company, or other legal entity other than a sole proprietorship*, such misappropriation also shall be deemed theft by any officers, directors, *members, partners*, or agents responsible for the misappropriation. Any of such misappropriated moneys which have been received as salary, dividend, loan repayment, capital distribution or otherwise by any shareholder, *member, or partner* not responsible for the misappropriation shall be a civil liability of that person and may be recovered and restored to the trust fund specified in this subsection by action brought by any interested party for that purpose. Except as provided in this subsection, this section does not create a civil cause of action against any person other than the prime contractor or subcontractor to whom such moneys are paid. Until all claims are paid in full, have matured by notice and filing or have expired, such proceeds and moneys shall not be subject to garnishment, execution, levy or attachment.

Wis. Stat. § 779.02(5) (2007-08) (emphasis added).

As this Court has noted in a previous case, no wrongful intent is required for a finding of nondischargeability. *In re Dinkins*, 327 B.R. 918, 923 (Bankr. E.D. Wis. 2005). It is only necessary for the plaintiffs to prove that funds received from the owner should have been paid to a beneficiary of the statutory trust, and the debtor failed to do so. If an individual debtor is an officer, director, or agent responsible for misappropriation by an entity, the debt will be excepted from the discharge of the individual. *Id*. As shareholder, director and president of R.J. Ecker Excavating, the defendant has not disputed that he was in a position of responsibility over the funds paid by the project owners and placed in trust with his company.

The defendant correctly points out that the amendments expanded the reach of the theft by contractor statute. Among the changes, the new law recognizes the increasing use of business formations other than corporations by expanding liability to representatives of other entities. Likewise, moneys owed from the contractor for "labor and materials used for the improvements" was changed to "labor, services, materials, plans, and specifications used for the improvements." *Compare* Wis. Stat. § 779.02(5) (2003-04) *with* Wis. Stat. § 779.02(5) (2007-08).

The same Act also expanded the definition of "improvement," which previously was defined as including "any building, structure, erection, fixture, demolition, alteration, excavation, filling, grading, tiling, planting, clearing or landscaping which is built, erected, made or done on or to land for its permanent benefit." Wis. Stat. § 779.01(2)(a) (2003-04). By adding "repairing or remodeling ... made or done on or to land for its benefit" to the list of improvements, the Legislature noted the enumeration was "intended as an extension rather than a limitation of the normal meaning and scope of 'improve' and 'improvement'." Wis. Stat. § 779.01(2)(a) (2007-

08).

Despite these expansions, the subject services still fell within the purview of the old statute. The plaintiff, Team Fischer, qualifies as a beneficiary under the older version of Wis. Stat. § 779.02(5); that is, the plaintiff has a claim for "labor and materials used for the improvements" because its claim is related to the improvement for which the money was paid and owing. *See In re Bossell, Van Vechten & Chapman*, 30 Wis. 2d 215, 219, 140 N.W.2d 255, 257 (1966) (applying precursor to public improvements theft by contractor statute, the court determined "the test of a beneficiary is whether the claim is related to or grows out of the public improvement for which the money is paid or owing"). A subcontractor who provided trucking services for the transporting of earth and equipment satisfies the requirements for a claim under both the old and new versions of section 779.02(5) because it provided labor and the use of materials for the improvements. The hauling of earth and grading the site clearly is covered in the old definition of "improvement," which includes alteration, excavation, filling, grading, clearing and landscaping which is done on or to land for its permanent benefit. Wis. Stat. § 779.01(2)(a).

Therefore, the amount owed to Team Fischer is nondischargeable under 11 U.S.C. § 523(a)(4). As the debtor has not disputed the nondischargeability of the obligation owed to Fischer Construction, that amount is also nondischargeable under 11 U.S.C. § 523(a)(4). The plaintiffs are entitled to summary judgment and a separate order for judgment will be entered.

January 27, 2009

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court